## No. 8604.

### RUSSO v. CITY OF PUEBLO.

MUNICIPAL CORPORATION—*Contract Granting a Way—Obstruction of the Way.* A contract between a city and the owner of a lot provided that the property owner should have the right to construct a sidewalk along a certain levee of the Arkansas River, the entire length of the lot. The walk was constructed, and connected the premises, and an apartment house erected thereon, with a public street, and was the only way or means of access between the apartment house and any public highway. The city afterward erected a bridge over the river, and by the railing obstructed the walk, and all access to the apartment house. The city was liable to an action by a future proprietor of the lot, successor in interest to the one with whom the contract was made.

*Error to Pueblo District Court, Hon. C. S. Essex, Judge.*

Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. ALVA B. ADAMS and Mr. CHARLES M. ROSE, for defendant in error.

Allen, J.

This is an action brought by the owner of a lot in the City of Pueblo to recover from the city, the defendant below, damages for the act of the city in depriving plaintiff of a sidewalk, the right to maintain which the plaintiff derived from a contract entered into by the city and a former owner of the lot.

The trial court sustained a general demurrer to the amended complaint. The plaintiff elected to stand upon

the amended complaint, and thereupon the court rendered final judgment, dismissing the action. The sustaining of the demurrer is assigned as error.

Taking the allegations of the complaint as true, it appears that plaintiff is the owner of a lot which fronts on Union Avenue, a public street in Pueblo, and that the lot borders on the bank of the Arkansas River, which crosses Union Avenue. The complaint alleges, among other things, that on January 26, 1897, a contract was entered into between one Leonard Russo, then the owner of the lot, and the City of Pueblo, under the terms of which it was agreed that Russo "shall have the right to build and construct, at his own expense, a sidewalk along said levee wall, the entire length of said lot." The levee wall ran along the Arkansas River and the edge of Russo's property. The complaint shows that the sidewalk was constructed, pursuant to the contract, and connected with Union Avenue, and thereafter served the usual and ordinary purposes of a "sidewalk" as that term is generally understood.

The complaint alleges that the sidewalk continued to connect with Union Avenue until April, 1911, a period of fourteen years, when the city built a new bridge across the Arkansas River on Union Avenue and cut off the sidewalk from Union Avenue, by means of extending the bridge railing across the entire end of the sidewalk. The complaint shows that Leonard Russo erected a building on the lot, with several apartments each of which fronted on the sidewalk mentioned in the contract, and constructed pursuant thereto. The plaintiff purchased the premises in 1903. Union Avenue was the only public street to which the sidewalk led, and ingress to and egress from the Russo apartments from and to the public street was by means of the sidewalk in question.

The sole question presented by the demurrer and the argument thereon, is, did the act of the city, complained of, constitute a violation of plaintiff's rights?

It is clear, from the allegations of the complaint, that when the sidewalk was disconnected from Union Avenue

it no longer served as a paved or otherwise prepared way for pedestrians who had theretofore been accustomed to go to and from the Russo apartments from and to Union Avenue, by means of the sidewalk in question. The contract gave Leonard Russo, and his successors, the right to a sidewalk which would reach Union Avenue, because it necessarily would reach Union Avenue if built along "the entire length of said lot" as provided in the contract. When the city separated the sidewalk from Union Avenue by means of the bridge railing it deprived the plaintiff of the principal benefit to be derived from a sidewalk which, like the one in question, lead from a public street to the front of each of the several Russo apartments. Union Avenue was the nearest and only public street to be reached from the Russo building, and the sidewalk was the only means of reaching the street from each of the several apartments of the building.

It is evident that the act of the city, complained of, constituted an infringement and violation of plaintiff's rights. When the city separated Union Avenue from the sidewalk it deprived the plaintiff of the only, or at least the principal, benefit to be derived by him from the construction and use of the sidewalk. The act of the city left the former sidewalk as a mere porch. It was no longer "a way for foot passengers" or a public way especially intended for pedestrians, which is the ordinary definition of a sidewalk. Plaintiff was virtually deprived of a sidewalk, the right to which was granted Leonard Russo by the defendant and acquired by plaintiff.

The complaint stated a cause of action, alleging a violation of plaintiff's rights, and it was error to sustain the demurrer, for which reason the judgment should be reversed. It is not necessary to consider other errors assigned.

The judgment is reversed.

Reversed.

Decision *en banc.*